UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WISCONSIN

---

SHANE VOLKMAN
1650 West 5th Street
Winona, Minnesota 55987

       Plaintiff,

v.

CITY BREWING COMPANY, LLC
925 South 3rd Street
La Crosse, Wisconsin 54601

       Defendant

Case No.: 20-cv-112

**JURY TRIAL DEMANDED**

---

## COMPLAINT

---

COMES NOW Plaintiff, Shane Volkman, by his counsel, WALCHESKE & LUZI, LLC, as and for a claim against Defendant, alleges and shows to the Court as follows:

### JURISDICTION AND VENUE

1.　This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because this case involves federal questions under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"), the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. § 2601 *et seq.* ("FMLA"), and pursuant to 28 U.S.C. § 1343 because this case involves an Act of Congress providing for protection of civil rights.

2.　This Court has supplemental jurisdiction over this matter pursuant to 28 U.S.C. § 1367 because this case involves claims under Wisconsin's Wage Payment and Collection Laws ("WWPCL"), and these claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c) because Defendant resides and/or operates its business in the Eastern District of Wisconsin and the unlawful employment practices of which Plaintiff complains occurred within the Eastern District of Wisconsin.

## PARTIES AND COVERAGE

4. Plaintiff, Shane Volkman, is an adult male resident of the State of Minnesota with a post office address of 1650 West 5th Street, Winona, Minnesota 55987.

5. Defendant, City Brewing Company, LLC, was, at all material times herein, a commercial entity with a principal or corporate office address of 925 South 3rd Street, La Crosse, Wisconsin 54601.

6. Defendant is a brewery.

7. During the relevant time periods as stated herein, Defendant owned, operated, and managed a physical location (brewery) in the State of Wisconsin, located at 1106 South 3rd Street, La Crosse, Wisconsin 54601.

8. During the relevant time periods as stated herein, Defendant was engaged in "commerce" and/or its employees were engaged in "commerce," as that term is defined under the FLSA.

9. During the relevant time periods as stated herein, Defendant employed more than two (2) employees.

10. During the relevant time periods as stated herein, Defendant's annual dollar volume of sales or business exceeded $500,000.

11. During the relevant time periods as stated herein, Defendant was an "employer" as that term is defined under the FLSA and the WWPCL.

12. During the relevant time periods as stated herein, Plaintiff was "employed" by and/or an "employee" of Defendant as these terms are defined under the FLSA and the WWPCL.

13. During the relevant time periods as stated herein, Plaintiff was engaged in commerce or in the production of goods for commerce.

14. Defendant is a covered employer for purposes of the FMLA.

15. During Plaintiff's employment with Defendant, Plaintiff did not meet the criteria under 29 C.F.R. § 825.217(a), which defines "key employee" as used in the FMLA.

16. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's "Northland" location, located at 1200 West Northland Avenue, Appleton, Wisconsin 54914.

17. During Plaintiff's employment with Defendant, Defendant employed at least 50 employees within 75 miles of Plaintiff's work site.

18. At the time of Plaintiff's FMLA leave requests, Plaintiff had been employed at Defendant for twelve (12) months and had worked at least 1250 hours during those twelve (12) months.

19. Plaintiff did not exceed the amount of FMLA leave for any FMLA leave entitlement period.

20. Plaintiff exhausted all administrative remedies, filing requirements, and/or satisfied all conditions precedent prior to bringing this action.

**FLSA & WWPCL ALLEGATIONS**

21. In approximately July 2010, Defendant hired Plaintiff into the position of Instrumentation & Controls Technician.

22. During Plaintiff's employment with Defendant, Plaintiff reported directly to Craig May, Plant Engineer, who reported directly to Jerry Clements, Head of Engineering, who reported directly to George Parke, Owner.

23. During Plaintiff's employment with Defendant, Plaintiff primarily performed compensable work at Defendant's La Crosse, Wisconsin brewery on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit.

24. During the entirety of Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a salaried basis and classified Plaintiff as "exempt" for purposes of the FLSA and WWPCL. However, in reality during Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties and responsibilities each workweek on Defendant's behalf, with Defendant's knowledge, at Defendant's direction, and/or for Defendant's benefit in Plaintiff's position of Instrumentation & Controls Technician.

25. During Plaintiff's employment with Defendant in the position of Instrumentation & Controls Technician, Plaintiff was a non-exempt employee for purposes of the FLSA and WWPCL.

26. During Plaintiff's employment with Defendant in the position of Instrumentation & Controls Technician, Plaintiff's primary job duty and responsibility each work day and each workweek was performing physical or manual labor.

27. On a daily basis during Plaintiff's employment with Defendant in the position of Instrumentation & Controls Technician, Plaintiff's primary job duties and responsibilities included, but were not necessarily limited to: physically or manually calibrating, installing, maintaining, and/or verifying Defendant's instruments, machines, and/or equipment; physically or manually carrying, lifting, transporting, and hauling (parts of or for) Defendant's instruments, machines, and/or equipment; physically or manually performing testing on Defendant's instruments, machines, and/or equipment; physically or manually building and repairing electronic circuits; and collecting data.

28. During Plaintiff's employment with Defendant, Plaintiff frequently worked in excess of forty (40) hours per workweek.

29. During Plaintiff's employment with Defendant, Defendant did not compensate Plaintiff with overtime pay during workweeks when Plaintiff worked in excess of forty (40) hours.

30. During Plaintiff's employment with Defendant, Defendant compensated Plaintiff on a bi-weekly basis via check.

31. During Plaintiff's employment with Defendant, Plaintiff did not primarily perform his job duties in an office setting.

32. During Plaintiff's employment with Defendant, Plaintiff's primary job duty was not management of Defendant's enterprise, general business operation, or a department or division of Defendant.

33. During Plaintiff's employment with Defendant, Plaintiff performed his job duties and responsibilities at the direction of Defendant, particularly May: Plaintiff was given specific

instructions as to how to perform his job duties and/or he performed his job duties within the prescribed procedures and/or limits established by Defendant.

34. During Plaintiff's employment with Defendant, Plaintiff did not customarily and regularly exercise discretion or independent judgment in the performance of his job duties.

35. During Plaintiff's employment with Defendant, Plaintiff did not, in the performance of his job duties, customarily or regularly compare or evaluate possible courses of conduct, and Plaintiff did not customarily or regularly act or make decisions regarding matters of significance after considering various possibilities.

36. During Plaintiff's employment with Defendant, Plaintiff did not, in the performance of his job duties, customarily or regularly have the authority to make an independent choice, free from immediate direction or supervision, or to waive or deviate from Defendant's established policies and/or procedures without Defendant's prior approval.

37. During Plaintiff's employment with Defendant, Plaintiff's job duties did not require advanced knowledge in a field of science or learning, and/or did not require invention, imagination, originality, or talent.

38. During Plaintiff's employment with Defendant, Plaintiff's job duties did not require him to perform work which was predominantly intellectual in nature and acquired by a prolonged course of specialized intellectual instruction.

39. During Plaintiff's employment with Defendant, Plaintiff did not customarily or regularly spend the majority of his hours worked each workweek making sales directly to Defendant's customers.

40. During Plaintiff's employment with Defendant and upon information and belief, Defendant did not keep or maintain records of Plaintiff's actual hours worked each workweek.

41. During Plaintiff's employment with Defendant, Plaintiff maintained records of his actual hours worked each workweek.

42. During Plaintiff's employment with Defendant, Plaintiff was not highly compensated employee for FLSA and WWPCL purposes.

43. During Plaintiff's employment with Defendant, Plaintiff was not a commissioned employee.

44. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek.

45. During Plaintiff's employment with Defendant, Plaintiff's paychecks did not properly or lawfully compensate him for all hours worked in a workweek at the proper, lawful, and/or correct overtime rate of pay for hours worked in excess of forty (40) in a workweek.

46. Defendant knew or should have known that Plaintiff must be compensated for all hours worked (and for all hours Defendant suffered or permitted him to work) in a workweek (including but not limited to at the proper, lawful, and/or correct overtime rate of pay) in accordance with the FLSA and WWPCL.

47. Defendant had a statutory duty to comply with the FLSA and WWPCL and to remedy FLSA and WWPCL violations of which it was aware and/or of which it should have been aware.

48. Defendant owes Plaintiff earned and unpaid wages for work performed during Plaintiff's employment with Defendant for which Plaintiff was not properly and lawfully compensated, plus an equal amount for liquidated damages, in an amount to be determined.

## FMLA ALLEGATIONS

49. Plaintiff suffers from a history of Panic Disorder, which is a permanent, mental health condition that substantially and negatively affects the normal functioning of Plaintiff's brain and Plaintiff's ability to, among other things, eat, sleep, breathe, think, concentrate, communicate and/or interact with others, engage in self-care, perform manual tasks or physical activities, and, at times, work.

50. During the years 2019 and 2020, Plaintiff's Panic Disorder required at least two (2) appointments and treatment visits with his treating health care physicians, and Plaintiff was prescribed (and took) medication to combat the negative effects of his Panic Disorder.

51. At times during the years 2019 and 2020, Plaintiff's Panic Disorder caused Plaintiff intermittent and/or episodic periods of incapacity.

52. During the years 2019 and 2020, Defendant, including but not limited to May and Monica Redmond, Human Resources, were aware and/or had knowledge of Plaintiff's Panic Disorder.

53. During the years 2019 and 2020, Defendant knew or was aware that Plaintiff was suffering from a health condition that could potentially qualify as leave under the FMLA.

54. On or about December 8, 9, and 12, 2019, Plaintiff was scheduled to work at Defendant.

55. Prior to Plaintiff's scheduled shift start times on or about December 8, 9, and 12, 2019, Plaintiff reported his absences to May via telephone on these days, informing May that the reason for his absences was his Panic Disorder and/or the negative effects of same.

56. On or about December 8, 9, and 12, 2019, Plaintiff properly and timely complied with Defendant's notice policies and practices when reporting his absences from work at Defendant on these days because of his Panic Disorder and/or the negative effects of same.

57. On or about December 8, 9, and 12, 2019, Plaintiff properly and timely complied with Defendant's notice policies and practices when informing Defendant of potentially FMLA-leave qualifying absences because of his own serious health condition.

58. Plaintiff's absences from work at Defendant on or about December 8, 9, and 12, 2019 were FMLA-qualifying absences, but Defendant did not offer Plaintiff FMLA leave on these days.

59. On or about January 17, 2020, Plaintiff was scheduled to work at Defendant.

60. Prior to Plaintiff's scheduled shift start time on or about January 17, 2020, Plaintiff reported his absence to May via telephone, informing May that the reason for his absences was his Panic Disorder and/or the negative effects of same.

61. On or about January 17, 2020, Plaintiff properly and timely complied with Defendant's notice policies and practices when reporting his absence from work at Defendant because of his Panic Disorder and/or the negative effects of same.

62. On or about January 17, 2020, Plaintiff properly and timely complied with Defendant's notice policies and practices when informing Defendant of a potentially FMLA-leave qualifying absence because of his own serious health condition.

63. Defendant did not provide Plaintiff with a "Notice of Eligibility and Rights & Responsibilities" form in accordance with the FMLA relating to Plaintiff's absence from work on January 17, 2020.

64. Defendant did not provide Plaintiff with a "Certification of Health Care Provider Form" in accordance with the FMLA relating to Plaintiff's absence from work on January 17, 2020.

65. On or about January 20, 2020, Defendant terminated Plaintiff's employment because of his absence from work at Defendant on or about January 17, 2020.

66. Plaintiff's absence from work at Defendant on or about January 17, 2020 was an FMLA-qualifying absence.

67. Despite Plaintiff properly and timely complying with Defendant's notice policies and practices regarding requesting leave from work at Defendant for his absence on or about January 17, 2020 because of his own serious health condition and/or a potentially FMLA-qualifying health condition, Defendant did not offer Plaintiff FMLA leave, ultimately resulting in Plaintiff's termination on or about January 20, 2020.

68. Defendant improperly and unlawfully denied Plaintiff leave for his own serious health condition under the FMLA, resulting in Plaintiff's termination on or about January 20, 2020.

## FIRST CAUSE OF ACTION – FLSA VIOLATIONS
## (OVERTIME PAY – MISCLASSIFICATION)

69. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

70. Section 207(a)(1) of the FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce.

71. At all times material herein, Plaintiff was entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

72. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek while he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

73. Defendant intentionally violated the FLSA by failing to compensate Plaintiff with overtime premium pay for each hour worked in excess of forty (40) hours in a workweek.

74. Defendant's failure to properly and legally compensate Plaintiff for all compensable work performed was willfully perpetrated. Defendant has neither acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime wages as described above pursuant to Section 216(b) of the FLSA. Alternatively, should the Court find that Defendant acted reasonably and with good faith in failing to pay overtime wages, Plaintiff is entitled to an award of pre-judgment interest at the applicable legal rate.

75. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld from Plaintiff by Defendant.

76. Plaintiff is entitled to damages equal to the overtime compensation due and owing to him within the three (3) years preceding the date of filing of this Complaint, ECF No. 1, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA and otherwise engaged in wrongful conduct that prevented Plaintiff from asserting his claims against Defendant.

77. Pursuant to the FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages.

### SECOND CAUSE OF ACTION – WWPCL VIOLATIONS
### (OVERTIME PAY – MISCLASSIFICATION)

78. Plaintiff reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

79. At all times material herein, Plaintiff was an employee of Defendant within the meaning of Wis. Stat. § 109.01(1r), Wis. Stat. §103.001(5), and Wis. Stat. §104.01(2)(a).

80. At all times material herein, Defendant was an employer of Plaintiff within the meaning of Wis. Stat. § 109.01(2), Wis. Stat. §103.001(6), Wis. Stat. §104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

81. At all times material herein, Defendant employed Plaintiff within the meaning of Wis. Stat. §§109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

82. At all times material herein, Plaintiff regularly performed activities that were an integral and indispensable part of his principal activities without receiving compensation for these activities, including at an overtime rate of pay.

83. During Plaintiff's employment with Defendant, Plaintiff primarily performed non-exempt job duties in each workweek he was employed by Defendant and, thus, was legally entitled to overtime pay for all hours worked beyond forty (40) in a workweek.

84. During Plaintiff's employment with Defendant, Plaintiff worked hours in excess of forty (40) per workweek for which he was not compensated with overtime premium pay in accordance with the WWPCL.

85. The foregoing conduct, as alleged above, constitutes willful violations of the WWPCL.

86. As set forth above, Plaintiff sustained losses in compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff seeks damages in the amount of his unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

87. Plaintiff seeks recovery of attorneys' fees and the costs of this action to be paid by Defendant, pursuant to the WWPCL.

### THIRD CAUSE OF ACTION – FMLA INTERFERENCE

88. Plaintiff reasserts and incorporates all paragraphs set forth above as if restated herein.

89. Defendant intentionally interfered with Plaintiff's rights in the terms and conditions of Plaintiff's employment and by terminating Plaintiff's employment in violation of the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. §§ 2601 *et seq*.

90. As a result of Defendant's intentional violations of the FMLA, Plaintiff suffered damages in the form of loss of wages and other employment benefits and insurance.

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Order Defendant to make Plaintiff whole by providing reimbursement for unpaid overtime wages, for pre-judgment and post-judgment interest or liquidated damages, and for all times spent performing compensable work for which Plaintiff was not properly paid as provided under the FLSA and WWPCL;

2. Order Defendant to make Plaintiff whole by providing back pay, front pay and/or reinstatement, liquidated damages, compensatory damages, pre- and post-judgment interest, and reimbursement for other benefits and expenses as provided under the FMLA;

3. Grant to Plaintiff attorneys' fees, costs, and disbursements as provided by statute; and

4. Grant to Plaintiff whatever other relief this Court deems necessary and proper.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 7th day of February, 2020

                                  WALCHESKE & LUZI, LLC
                                  Counsel for Plaintiff

                                ***s/ Scott S. Luzi***
                                James A. Walcheske, State Bar No. 1065635
                                Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com